IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
FILED

AUG - 5 2014

CLERK, US DISTRICT COURT
NORFOLK, VA
```

WILLIAM H. MONROE, JR.,
Administrator of the Estate of
John Robert McCullen, Deceased,

       Plaintiff,

    v.

GREAT LAKES DREDGE AND
DOCK CO., LLC, ET AL.,

       Defendants.

CIVIL ACTION NO.: 2:14-cv-264

*MEMORANDUM OPINION AND ORDER*

This matter is before the Court on a Motion to Dismiss by Defendant Lyon Shipyard, Inc.,
("Lyon") as well as a Motion to Remand by Plaintiff William H. Monroe, Jr., Administrator of the
Estate of John Robert McCullen ("Plaintiff").   For the reasons stated herein, this case is
**REMANDED** to the Circuit Court for the City of Norfolk, Virginia because this Court lacks
subject matter jurisdiction.   Defendant's Motion to Dismiss is **MOOT**.

## I.  FACTUAL AND PROCEDURAL HISTORY

The decedent John Robert McCullen was a twenty-seven year old man who died while
working as a machinist for Defendant Lyon Shipyard, Inc. at Defendant Great Lakes Dredge and
Dock's ("Great Lakes") Norfolk, Virginia facility.   Compl. ¶¶ 1-11, ECF No. 1-1.   In December
2013, Great Lakes hired Lyon to assist in removing equipment from its hopper dredge, the Dodge
Island, while she was at berth.   Compl. ¶¶ 4, 6.   On December 31, 2013, while working aboard
the Dodge Island, the decedent was crushed between vessel equipment suspended from a crane
aboard a crane barge and the side of the Dodge Island.   Compl. ¶ 10.   The decedent died from his

1

injuries.  Compl. ¶ 11.

Plaintiff filed a Complaint in the Circuit Court for the City of Norfolk on April 16,
2014.  Plaintiff sought relief under 33 U.S.C. §§ 905(b) and 933.  He alleged that Lyon, in its
capacity as owner of the crane barge, and Great Lakes, in its capacity as owner of Dodge Island
and third-party tortfeasor, failed to exercise reasonable care and negligently caused the decedent's
death.  Compl. ¶ 14.

On June 2, 2014, Defendant Great Lakes filed its Notice of Removal, alleging that this
Court has original jurisdiction over Plaintiff's maritime claims pursuant to 28 U.S.C. § 1333(1),
and in the alternative, diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Notice of
Removal at 2-3, ECF No. 1.  On June 30, 2014, Defendant Lyon filed a Motion to Dismiss
Plaintiff's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal
Rules of Civil Procedure, ECF No. 10.  According to Lyon, this Court lacks subject matter
jurisdiction because the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et
seq.* ("LHWCA"), provides his exclusive remedy.  On July 2, 2014, Plaintiff filed a Motion to
Remand pursuant to 28 U.S.C. §1447(c), arguing that his case could not be removed to this federal
forum because maritime claims are not generally removable and Great Lakes failed to establish
fraudulent joinder or applicability of the LWHCA bar to recovery.  ECF No. 12.  The Court has
dispensed with oral argument on these issues because they have been adequately briefed and
further argument would not aid the Court's adjudication, hence this matter is now ripe for judicial
determination.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a
statutory basis."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  "A

2

court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Thus, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Moreover, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that removal jurisdiction is to be strictly construed in light of federalism concerns. *See Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005). If federal jurisdiction is doubtful, remand to state court is required. *Id.*

Unless a matter involves an area over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States," 28 U.S.C. § 1332(a)(1). *See Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."). "Before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action upon a defendant's motion asserting lack of subject

3

matter jurisdiction as a defense, and Rule 12(h)(3) provides for the dismissal at any stage in the litigation if the Court determines that subject matter jurisdiction does not exist.

## III.  DISCUSSION

The Court will first consider Plaintiff's Motion for Remand.  Defendant Great Lakes removed this case by alleging both maritime jurisdiction and diversity jurisdiction.  Notice of Removal at 2-3.  However, in its response to the Motion for Remand, Great Lakes does not provide any support of maritime jurisdiction but instead focuses on diversity jurisdiction.  *See* Great Lakes' Opp'n Mot. Remand, ECF No. 19.  Regarding diversity jurisdiction, neither party disputes that the amount in controversy exceeds $75,000.  Therefore, the relevant question before the Court is whether this dispute is between citizens of different states.  Great Lakes is an Illinois corporation with its principal place of business in the state of Illinois.  Compl. ¶ 2.  Lyon is a Virginia corporation with its principal place of business in the state of Virginia.  Compl. ¶ 3. Plaintiff is a resident of Virginia.  Pl.'s Mem. Mot. Remand 6, ECF No. 13.  As such, Plaintiff insists that this case should be remanded to state court because complete diversity does not exist among the parties.  *Id.* at 6-7.  Defendants maintain that there will be complete diversity once Lyon is rightfully dismissed from the case.  Great Lakes' Opp'n Mot. Remand 1.   To argue for such dismissal, Defendants argue that Plaintiff fraudulently or nominally joined Lyon to this action despite Lyon's immunity from tort liability under the LHWCA.  *Id.*

Federal courts have jurisdiction over controversies between citizens of different states by virtue of the Constitution and the United States Code.  U.S. Const. art. III, § 2; 28 U.S.C. § 1332(a)(1); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980).  To properly establish diversity jurisdiction, a defendant seeking removal from state court to federal court must show

4

complete diversity among plaintiffs and defendants. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Presently, the Court lacks subject matter jurisdiction because Plaintiff and Defendant Lyon are citizens of Virginia, impeding complete diversity. In a case such as the matter before the Court where multiple defendants are named, if even one defendant is a citizen of the state where plaintiff is also a citizen, a plaintiff can successfully object to removal if the only basis for federal jurisdiction is diversity of citizenship. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996). It follows that this Court should grant Plaintiff's objection to removal and remand the proceedings. However, regardless of the present lack of diversity of citizenship, a defendant may accomplish removal and impede remand through the doctrine of fraudulent joinder.

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes*, 198 F.3d at 461. Fraudulent joinder allows "a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* The Fourth Circuit has held:

> [T]o establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."

*Id.* at 464 (internal quotation marks and citation omitted). Even on a motion to remand, the burden of establishing federal subject matter jurisdiction remains with the party seeking removal to the federal forum. *Mulcahey*, 29 F.3d at 151. This is a heavy burden on a defendant because a plaintiff's claim "need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993). Moreover, when considering the possibility of fraudulent joinder, a district court must resolve all

legal and factual issues in the plaintiff's favor.  *Mayes*, 198 F.3d at 464.   The Court may consider

facts outside of the pleadings in determining whether fraudulent joinder has occurred.   *See id.*

("Further, in determining 'whether an attempted joinder is fraudulent, the court is not bound by the

allegations of the pleadings, but may instead consider the entire record, and determine the basis of

joinder by any means available.'").   To prove that Lyon was fraudulently joined in this case,

Defendants must show either that Plaintiff cannot establish a cause of action in state court against

Lyon or that there has been an outright fraud in Plaintiff's pleadings of jurisdictional facts.   *See*

*Payne v. Bank of America*, No. 3:09cv80, 2010 U.S. Dist. LEXIS 12076, at *8 (W.D. Va. Feb. 11,

2010); *see also Marshall*, 6 F.3d at 232.   The jurisdictional facts in this case do not appear to be in

contention and Defendants do not assert fraud on the part of Plaintiff.   As a result, the Court must

determine whether Plaintiff can establish a cause of action in state court.

The Court finds that Plaintiff states a claim against Lyon that withstands challenge on the

basis of fraudulent joinder.   Neither Great Lakes nor Lyon has demonstrated the impossibility of a

cause of action or bad faith in joinder.   *See Saunders v. Boddie-Noell Enters., Inc.*, No. 7:08cv10,

2008 WL 2553047, at *1 (W.D. Va. June 25, 2008) (noting that a defendant may not remove a case

from state to federal court based on diversity of citizenship "[a]bsent proof of bad faith in joinder.

. . unless the defendant can show either that a John Doe co-defendant was a non-resident at the time

of the institution of the action, or that a separable controversy appears from the complaint."); *see*

*also Johnson v. General Motors Corp.*, 242 F. Supp. 778, 780 (E.D. Va. 1965) (citing *Pullman Co.*

*v. Jenkins*, 305 U.S. 534, 540 (1939)).   Here, Defendants have not provided this Court with any

evidence that Plaintiff joined Lyon to this action in bad faith.   Upon further review of the

Complaint and the parties' pleadings, it is apparent that Plaintiff has alleged specific actions on the

part of Lyon to sustain a cause of action—specific actions that could have led to the harm Plaintiff

suffered. In particular, Plaintiff asserts that Lyon provided and exercised control over the crane barge that crushed the decedent and provided a crane barge that was too small for the drag head replacement operation. *See* Pl.'s Mem. Mot. Remand 2, 7; Compl. ¶ 9, 14-15.

Not only has Plaintiff asserted specific allegations against Lyon, Plaintiff has demonstrated a potentially viable argument against the applicability of the LHWCA's exclusive remedy provision because he provides reasons why the decedent should not be characterized a "ship repairman." Section 905(b) of the LHWCA prohibits an employee from filing a negligence action against his employer where the employee "was employed to provide shipbuilding, repairing, or breaking services and such persons's employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel." 33 U.S.C. § 905(b). However, excluded from this prohibition are maritime employees engaged in "routine maintenance" as opposed to "repairing. . . services." *Id.*; *see also New v. Assoc'd Painting Servs., Inc.*, 863 F.2d 1205, 1210 (5th Cir. 1989) ("[I]f he is hired to restore a vessel to safe operating condition, he has been hired to perform repairing . . . service under § 905(b). If, however, he is hired to preserve the vessel's current condition, he is performing routine maintenance not covered by the section."). Plaintiff describes the decedent as a machinist who assisted with routine maintenance of the Dodge Island by removing dredge equipment. Pl.'s Mem. Mot. Remand 1-2. Specifically, Plaintiff contends that as opposed to repairing dredge equipment to safe operating condition, drag heads were being upgraded with replacement drag heads that possessed a "turtle excluder . . . to protect turtles in the waters where the Dodge Island was heading for her next dredging assignment." *Id.* at 2. Notwithstanding Lyon and Great Lakes' challenge to Plaintiff's characterization of the decedent's job in general and at the time of injury, all issues of law and fact must be resolved in Plaintiff's favor. *See Wygal v. Litton Loan Servicing LP*, No. 5:09cv322, 2009 U.S. Dist. LEXIS 73183, at

7

*2 (S.D. W.Va. August 18, 2010).   Plaintiff has asserted sufficient evidence that the decedent was not engaged in ship repairing services as contemplated by 33 U.S.C. §§ 902(3) or 905(b) but was involved in routine maintenance, thereby establishing the possibility of a claim against Lyon despite the preclusive effect of § 905(b).

Given the Court's finding of a potential cause of action against Lyon in state court, the Court concludes that Defendants have not established that Plaintiff fraudulently joined Lyon to defeat diversity jurisdiction.   Accordingly, the Court does not have subject matter jurisdiction over this case on the grounds of diversity of citizenship.   Therefore, Plaintiff's Motion to Remand is **GRANTED**.   Since "the fraudulent joinder doctrine [only] justifies a federal court's initial assumption of diversity jurisdiction" and "it has no effect once the district court actually possesses jurisdiction—including after the case has been removed," *Mayes*, 198 F.3d at 461, the Court does not have subject matter jurisdiction to consider Lyon's Motion to Dismiss; thus the Motion to Dismiss is **DENIED** as **MOOT**.

## IV. CONCLUSION

For the reasons stated above, this Court lacks subject matter jurisdiction.   This matter is hereby **REMANDED** to the Circuit Court for the City of Norfolk, Virginia and Defendant's Motion to Dismiss is now **MOOT**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
August _____, 2014

/s/
Raymond A. Jackson
United States District Judge